

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant State Superintendent
State Department of Education
Austin, Texas

Dear Sir:                    Opinion No. O-6693

                             Re:  Whether income from the sale
                                  of caliche from school lands
                                  shall be placed in the Avail-
                                  able School Fund or the Per-
                                  manent School Fund.

                                  Whether public school land
                                  is subject to taxation; if so,
                                  the kind of taxation to which
                                  it is subject.

     We have your letter of August 25, 1945, asking us to
render our opinion on the questions submitted in Mrs. M. H.
Ehlert's letter of August 22, 1945, which reads:

     "The County Board requests me to ask you to
secure some rules on two questions from the Attorney
General's Office for us. First, Washington County
still owns its school lands in Tom Greene County.
Over a period of the past three years, the Commis-
sioners' Court has sold caliche from the same area.
The income for the sale of the caliche was placed in
the Available School Fund and apportioned to the
school districts of the county on a per capita ba-
sis.  When our report was made to the auditor last
year, he informed us that we would have to place
income from the sale of the caliche in a Permanent
School Fund and that only the interest or earnings
on the Permanent School Fund could be apportioned
to the school districts. We feel that the caliche
would come in the same category as gravel or top
soil and that we are justified in placing the in-
come from the sale of caliche in the Available
School Fund and apportioning it to the school dis-
tricts.  Secondly, is public school land subject to
taxation, and if so what sort of taxation is it
subject to?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Relative to your first question, we quote from this department's Opinion No. 0-4651:

"You do not inform us in your telegram whether the sale of the gravel and caliche will constitute a sale of real property or of personal property. Of course, this would be governed by the type of contract, conveyance or deed given by the county. We respectfully call your attention to the case of Dreeben v. Whitehurst, 68 S. W. (2d) 1025 (Texas Commission of Appeals), 45 S. W. (2d) 705 (Dallas Court of Civil Appeals), which construed a certain conveyance to 70,000 cubic yards of gravel to be a conveyance of personal property rather than of real property.  This case contains an excellent discussion of the distinction between conveyances as constituting real or personal property."

If the sale of the caliche constitutes a sale of personal property, then the income from the sale may be placed in the Available School Fund.

Your second question is as follows:

"Secondly, is public school land subject to taxation, and if so what sort of taxation is it subject to?"

Section 6a of Article 7 of the State Constitution provides as follows:

"All agriculture or grazing school land mentioned in section 6 of this article owned by any county shall be subject to taxation except for State purposes to the same extent as lands privately owned;"

Section 6 referred to in Section 6a relates to lands granted by the State to the several counties for educational purposes.  You do not specifically ask if certain governmental agencies having taxing authority can levy and collect taxes on such school lands.

The State cannot levy and collect taxes on said lands and this Department, in Opinion No. 0-442, held that counties were not liable to the State for their part of the gross production tax on oil.

The Courts of this State have held that said lands are subject to taxation by the counties and school districts in which the land is located. Childress County v. State, 92 S. W. (2d) 1011; Childress County v. Morton Independent School District, 95 S. W. (2d) 1041.

It is the opinion of this Department that lands, classified as agricultural or grazing lands, granted by the State to counties for educational purposes under the provisions of Article 7, Section 6 of the State Constitution are liable for taxes by all governmental agencies authorized to levy and collect taxes, except taxes levied·for State purposes.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

/s/    By          R. J. Long
                   R. J. Long
RJL:LP:LJ                   Assistant


APPROVED FEB. 6, 1946

/s/ CARLOS C. ASHLEY
    FIRST ASSISTANT
    ATTORNEY GENERAL


APPROVED
OPINION
COMMITTEE

By BWB
   Chairman